**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4796**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MONTE MOORE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Arenda L. Wright Allen,
District Judge.  (4:12-cr-00104-AWA-LRL-1)

Submitted:  August 20, 2014        Decided:  September 5, 2014

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant.  Dana J.
Boente, United States Attorney, Kevin P. Lowell, Special
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Monte Moore of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (2012); distribution of cocaine and cocaine base within 1000 feet of a playground, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a) (2012); and possession with intent to distribute cocaine and cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C).  After determining that Moore was a career offender, the district court sentenced him to 262 months' imprisonment for each conviction, to be served concurrently.  Moore now appeals, challenging the sufficiency of the evidence supporting each conviction, the district court's decision to admit certain testimony, and his sentencing as a career offender.  For the reasons that follow, we affirm.

Moore first argues that the evidence was insufficient to support his conspiracy and distribution convictions.  We review de novo the denial of a motion for a judgment of acquittal.  United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010).  A jury verdict must by sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted).  "Substantial evidence is evidence that a reasonable finder of fact could accept as

adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted).

Our review of the record persuades us that substantial evidence supports Moore's conspiracy and distribution convictions. In order to convict Moore of this drug conspiracy, the evidence must have established an agreement between two or more people to distribute cocaine and cocaine base, that Moore had knowledge of the agreement, and that he knowingly and voluntarily participated in the scheme. See United States v. Hackley, 662 F.3d 671, 678 (4th Cir. 2011). A coconspirator testified that Moore agreed to provide him with cocaine whenever he needed it. Over the course of four months, Moore provided this coconspirator with substantial amounts of cocaine and cocaine base at regular intervals in amounts indicative of further distribution by the coconspirator. This evidence of a continuing relationship, repeated transactions, and substantial drug quantities is sufficient to support the conviction. See United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008).

Moore's distribution conviction requires proof of his knowing and intentional distribution of cocaine and cocaine base. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). The Government presented ample evidence of the charged conduct. Moore thus is entitled to no relief on his challenge

to the sufficiency of the evidence regarding the conspiracy and distribution convictions.

Moore also seeks to challenge the sufficiency of the evidence supporting his possession with intent to distribute conviction. However, Moore waived this claim by failing to challenge the sufficiency of the evidence in either his oral or written Fed. R. Crim. P. 29 motions. See United States v. Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012).

Moore next challenges the district court's decision to admit testimony regarding the conversation between a confidential informant and Moore's coconspirator during a controlled purchase. Moore asserts that the informant's statements are inadmissible hearsay because the informant cannot be a coconspirator and the coconspirator's statements were inadmissible because they were not made in furtherance of the conspiracy.

"We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and . . . will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Hearsay is a statement not made by the declarant "while testifying at the current trial or hearing and offered in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid.

4

801(c)(1)-(2). While hearsay is generally inadmissible, Fed. R. Evid. 802, a statement by a coconspirator is not hearsay if it was made "during the course and in furtherance of the conspiracy and is offered against the party." United States v. Graham, 711 F.3d 445, 453 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 134 S. Ct. 449 (2013); see also Fed. R. Evid. 801(d)(2)(E).

"A statement by a co-conspirator is made in furtherance of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." Graham, 711 F.3d at 453 (internal quotation marks omitted). A statement may be "in furtherance of the conspiracy even though it is susceptible of alternative interpretations and was not exclusively, or even primarily, made to further the conspiracy, so long as there is some reasonable basis for concluding that it was designed to further the conspiracy." United States v. Shores, 33 F.3d 438, 444 (4th Cir. 1994) (internal quotation marks omitted).

We conclude that the coconspirator statements in question were made in furtherance of the conspiracy to distribute cocaine and cocaine base. The statements were made after the confidential informant had initiated the drug transaction. While the informant's statements were not admissible under this exception, United States v. Hackley, 662

5

F.3d 671, 679 (4th Cir. 2011), they were offered to provide necessary context to the coconspirator's statements regarding Moore, not for the truth of the matter asserted. We therefore find no error in the district court's admission of this testimony.

Finally, Moore asserts that he was improperly designated a career offender because his prior convictions were not submitted to the jury and proved beyond a reasonable doubt. As Moore concedes, this argument is foreclosed by the Supreme Court's decisions in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239-47 (1998), and <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2163 (2013).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this Court and argument will not aid the decisional process.

<u>AFFIRMED</u>